IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　Respondent,<br><br>　　　　v.<br><br>MARK JUJUAN PAUL,<br><br>　　　　　　Appellant. | No. 80569-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM — Mark Paul pleaded guilty to first degree robbery with a firearm enhancement and unlawful possession of a firearm, committed when he was 19 years old.  At sentencing, he requested an exceptional sentence below the standard range based on his youthfulness.  With regard to the base sentence, the trial court imposed a concurrent sentence of 27 months for the robbery and 27 months for the firearm, which was below the standard range.  But with regard to the firearm enhancement, the trial court imposed a consecutive 60 month firearm enhancement, concluding that it did not have the authority to reduce the enhancement or run it concurrently with the base sentence.

Paul contends that the trial court failed to recognize its discretion to reduce the length of the firearm enhancement or run it concurrently with the base sentence as part of an exceptional sentence based on his youth.  But, as this court recently held in State v. Mandefero, 14 Wn. App. 2d 825, 828, 473 P.3d 1239 (2020), "[t]rial courts do not have the discretion to impose an exceptional

sentence downward for firearm enhancements when the offender is not a juvenile at the time they commit the crime."

Paul additionally contends that the trial court erred in imposing a lifetime no-contact order with all Safeway stores in Washington, as Safeway was neither the victim of or witness to the crimes. Paul also argues that the judgment and sentence erroneously requires him to pay the costs of supervision when the trial court's oral ruling clearly indicated it did not intend to impose such a requirement. The State concedes both errors.

We accept the State's concessions, and remand for the trial court to correct the errors with regard to the no-contact order and the costs of supervision. In all other respects, we affirm.

Brennan, J

Mann, C.J.